RECEIPT #: 122966
AMOUNT: $405.00
MAR 27 2026
CASHIER'S SIGNATURE

2026 MAR 27 PM12:17
CLERK'S OFFICE USDC PR
RECEIVED AND FILED

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF PUERTO RICO

26-CV-1182 CVR

**JULIA FELIZ BARRERA,**

individually and on behalf of her minor children, ABF and SBF,

Plaintiff,

v.

**PUERTO RICO DEPARTMENT OF EDUCATION;**

**COMMONWEALTH OF PUERTO RICO;**

**SECRETARY OF EDUCATION**, in official capacity,

Defendants.

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

This complaint is not a challenge to administrative decisions. This is a failure to implement binding determinations.

This case does not arise from a dispute over educational methodology or placement.

It arises from Defendants' complete and ongoing failure to implement binding administrative determinations (Exhibit 1), Individualized Education Programs (IEPs; Exhibit 2), and accepted psychoeducational evaluations (Exhibit 3).

For approximately two academic years, Plaintiff's minor children—students with documented disabilities—have been deprived of access to any meaningful educational services.

Despite multiple Final Administrative Resolutions issued in favor of the students (Exhibit 1), Defendants have failed to implement the ordered services.

The administrative system has closed the cases without enforcement.

The Commonwealth court has refused to compel compliance.

As a result, Plaintiff and her children have been left without any effective mechanism to enforce federally protected rights.

This action seeks federal intervention to remedy that failure.

**Federal intervention is necessary to prevent further irreparable harm.**

---

## I. JURISDICTION

This action arises under:

- The Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1400 et seq.

- Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §12132

- Section 504 of the Rehabilitation Act, 29 U.S.C. §794

- 28 U.S.C. §1331 (federal question jurisdiction)

- Plaintiff has exhausted all available administrative remedies under IDEA, 20 U.S.C. §1415(I). Four formal administrative complaints were filed on behalf of the minor children. All four resulted in Final Resolutions issued in favor of the students. The Special Education Administrative Forum subsequently closed all cases without providing any enforcement mechanism. Plaintiff sought judicial enforcement through a writ of mandamus in the Puerto Rico Court of First Instance, which was denied by citing Plaintiff should return to the closed administrative forum. Further resort to administrative proceedings would be futile, as the same forum that issued the Final Resolutions has already closed the cases and lacks authority to compel compliance. Plaintiff has sought relief from all governmental agencies that would have been able to provide assistance in the matter; however, these have remained silent or closed the cases without requiring compliance. Exhaustion is, therefore, satisfied, and any further requirement of exhaustion is excused under the futility exception recognized under IDEA and applicable federal precedent.

## II. PARTIES

Plaintiff Julia Feliz Barrera is the mother of two minor children eligible for special education services under IDEA that includes access to a bilingüal (English) language curriculum.

Defendants are responsible for providing a Free Appropriate Public Education (FAPE) to eligible students in Puerto Rico.

## III. FACTUAL ALLEGATIONS

### A. Students with Disabilities

The minor children are students with documented disabilities requiring special education services and related supports, as established through documentation from the State of Florida and subsequently, by independent psychoeducational evaluations from Puerto Rico, accepted in their totality by the Defendants.

## B. Binding Administrative Decisions

Final administrative determinations were issued in favor of the minor children by the Puerto Rico Special Education Administrative Forum (Exhibit 1).

These determinations, along with the students' Individualized Education Programs (IEPs; Exhibit 2) and the psychoeducational evaluations (Exhibit 3), are legally binding on Defendants.

---

## C. Complete Failure to Implement Services

Despite these binding obligations, Defendants have failed to:

- Provide homebound instruction in order to ensure a gradual transition

- Provide required  therapies and evaluation services

- Ensure access to a bilingual curriculum consistent with the IEPs and the minors' language requirements (Exhibits 1-3)

- Provide the Defendants' language program for students who need to learn Spanish

The minor children have been effectively denied access to education since approximately August 2024, spanning nearly two academic years, since their return to Puerto Rico from the state of Florida, U.S.A..

---

## D. Formal Notice and Statewide Inaction

Plaintiff formally notified multiple government agencies of ongoing noncompliance, including the Department of Education, Ombudsman, Department of Family, Commission for Civil Rights, the Defense for People with Disabilities, and other officials (Exhibit 4).

No corrective action has been taken.

---

## E. Failure of State Judicial Remedies

Plaintiff sought relief through a writ of mandamus in the Puerto Rico Court of First Instance in Arecibo (AR2025CV1655).

Despite the copious evidence submitted to the Court and Defendant's admission of non-compliance and legally binding documents, the court:

- refused to compel compliance
- determined that implementation was not a ministerial duty
- denied reconsideration

As a result, Plaintiff and her children were left without any effective remedy within the Commonwealth system.

## F. Pattern of Interference and Retaliatory Conduct

In close temporal proximity to Plaintiff's advocacy efforts in court, Defendants reported Plaintiff to the Department of Family (Case number: 10620174), initiated parallel proceedings, and engaged in actions affecting Plaintiff's ability to advocate for her children.

## G. Harm

As a direct result of Defendants' actions and omissions:

- The children have suffered prolonged educational deprivation
- Academic regression has occurred
- Emotional and psychological harm has been documented
- Family stability has been impacted
- As the sole caretaker, the children's mother has been significantly limited in her ability to attend to her own medical needs

## H. Coercion to Accept Inappropriate Placement

Defendants have attempted to pressure Plaintiff into accepting placements that are inconsistent with the students' documented needs, including their legally binding IEPs (Exhibit 2).

Specifically, Defendants have sought to place the minor children in a segregated "autism-only" school setting, despite:

- the students' prior educational history in general education settings with supports

- the absence of such placement in their IEPs

- the requirement under IDEA to educate students in the Least Restrictive Environment (LRE)

Plaintiff has refused such placement, as it is inconsistent with federal law and the individualized needs of the students.

## I. Denial of Access to Bilingual Education

Defendants have also failed to provide access to the only available bilingual curriculum in the municipality of Arecibo, despite:

- the students' primary language being English

- their documented need for instruction in English or bilingual settings

- requirements within their IEPs and evaluations

This denial has disproportionately impacted the minor children as students with disabilities.

## J. Discriminatory Impact

Upon information and belief, Defendants have engaged in a pattern of denying access to bilingual education specifically for students receiving special education services in the municipality of Arecibo.

Despite repeated notice, Defendants have failed to take corrective action.

This conduct results in:

- exclusion from meaningful access to education

- unequal treatment compared to non-disabled peers

- barriers to participation in the general curriculum

---

## K. Cancellation of Homebound Services and Resulting Educational Deprivation

Defendants initially acknowledged and approved the provision of homebound educational services and transitional supports for the minor children as part of their educational programming since August 2024. These were to be followed by a gradual transition due to the minors' diagnosed anxiety disorders.

However, despite these determinations:

- Defendants failed to send a bilingual teacher to the home since August 2024
- Defendants failed to implement a transition
- Defendants, subsequently, failed to continue any services at all after August 2025 despite resolutions stating they must provide a bilingual teacher and do a transition from the home to a school.
- Therefore, Defendants left the minor children in the home without education at all since August 2025.
- Defendants failed to implement any services,
- Defendants then claimed to have canceled or withheld homebound instruction and transitional supports since December 2025 despite final resolutions emitted in January 2026 state the services must be provided;
- Defendants failed to provide any alternative educational placement or services.
- Defendants failed to comply with their own resolutions, PEI, and psychoeducational recommendations (Exhibits 1-5).

As a result, the minor children remain at home without access to any meaningful educational instruction, solely because Defendants have failed to implement the very services that justified their homebound status.

The children are not receiving education by choice or refusal of services, but rather due to Defendants' failure to provide the required homebound instruction and transition plan.

This has resulted in prolonged and complete educational deprivation. Despite this, in February of 2026, Defendants filed a complaint to Children and Family claiming the minors' mother refused the children education and services, which directly contradicts the administrative record.

## L. Failure to Provide Qualified Instruction in the Students' Language

Defendants initially assigned a teacher to provide homebound instruction who did not speak English or provide instruction in English, the students' primary language.

Such assignment was inconsistent with the students' documented linguistic needs and rendered the services ineffective.

Defendants stated they could not use public funds to provide a bilingual teacher for the minors.

Following this improper assignment, Defendants ceased sending any teacher altogether.

Defendants have since represented that a bilingual teacher is available, yet have failed to respond or take action to initiate services.

## M. Failure to Provide Related Services, Evaluations, and Access to Providers

Defendants have failed to secure or provide access to required therapies and evaluations, despite being presented with evidence of qualified providers who:

- offer services in English
- offer services in the home, and
- already contract with or provide services to the Department of Education (these centers do not accept the Defendants' provisional remedies vouchers).

Defendants have failed to provide the referrals and have further failed to make reasonable arrangements or approve services, including under provisional remedy mechanisms, effectively denying access to required supports.

---

## N. Systemic Administrative Breakdown and Agency Inaction

Over a period of approximately two years, Plaintiff has notified multiple governmental agencies of Defendants' noncompliance, including:

- the Department of Education

- the Ombudsman Office

- the Department of Family

- other relevant officials and entities

Despite documented notice and ongoing harm, no agency has taken effective action to enforce compliance or provide relief.

Plaintiff's formal written notice of noncompliance, copied to multiple agencies, remains unanswered and unaddressed.

This sustained inaction reflects a systemic failure of administrative enforcement mechanisms.

---

## O. Disregard of Expert Psychoeducational Evaluations

Independent psychoeducational evaluations and expert reports were conducted and accepted within the administrative process.

These evaluations:

- identified the students' needs

- informed placement recommendations

- supported the provision of homebound services and structured transition

Defendants conditioned providing the minors educational planning and services on these evaluations.

However, once completed and accepted, Defendants have subsequently failed to implement the recommendations and have effectively disregarded the same expert findings.

This inconsistency has resulted in the denial of services that were explicitly supported and relied upon within the administrative framework.

## P. Pretextual Justification Regarding Language Availability

Defendants have asserted that English-language services are unavailable in Puerto Rico as justification for their failure to provide appropriate teachers and educational services.

This assertion is contradicted by the existence of a bilingual curriculum within the municipality of Arecibo, as well as the availability of qualified English-speaking providers.

Defendants' reliance on such justification is pretextual and has resulted in the denial of meaningful access to education consistent with the students' linguistic needs.

## Q. Systematic Use of Procedural Motions to Avoid Compliance

In multiple administrative proceedings related to the students, Defendants have repeatedly filed motions to dismiss rather than take steps toward implementation of services.

These actions have delayed enforcement of already-issued Final Resolutions, IEPs, and psychoeducational evaluations, and have contributed to prolonged noncompliance.

## R. Mischaracterization of Plaintiff's Claims

Defendants have consistently mischaracterized Plaintiff's claims as challenges to administrative determinations.

In reality, Plaintiff has not sought to challenge or appeal the substance of the administrative decisions, but rather to secure material implementation and compliance with Final Resolutions, IEPs, and accepted expert evaluations.

---

## S. False Assertion of Non-Cooperation

Defendants have alleged that Plaintiff failed to place the students in a position to receive services.

This assertion is false.

Plaintiff has:

- provided all relevant documentation, including IEPs and records from the State of Florida

- consistently requested implementation of services

- cooperated with the administrative process

The record reflects that Defendants' failure to act—not any lack of cooperation by Plaintiff—has resulted in the absence of services.

---

## T. Pattern of Avoidance Through Reframing of Compliance as Dispute

Taken as a whole, Defendants' conduct reflects a pattern in which:

- requests for implementation are reframed as disputes,

- compliance obligations are avoided through procedural tactics, and

- responsibility is shifted onto Plaintiff despite documented efforts to obtain services.

This pattern has prevented enforcement of binding educational determinations and contributed to ongoing denial of educational access.

## U. False Documentation and Misrepresentation of Student Language Ability

Defendants have documented in official meeting minutes that one of the minor children, Adrian Brueck Feliz, is able to communicate in Spanish.

This assertion is false.

Such misrepresentation was used to justify denying access to English-language or bilingual educational services, despite documentation establishing that the student's primary language is English.

Defendants falsely uploaded these documents to the minors' records as signed despite not being signed due to their false assertions. This is documented in Defendants' own administrative record.

This inaccurate documentation contributed directly to the denial of appropriate educational placement and services.

## V. Denial of Assistive Technology and Communication Supports

Defendants have denied minors' access to assistive technology, including Adrian's communication device, as well as other necessary supports required for effective communication and participation in education.

This denial has significantly impaired the student's ability to access instruction and communicate effectively in an educational setting. It has also inhibited the student's ability to begin to learn Spanish as a second language.

## W. Denial of Access to Spanish Language Acquisition Program

Defendants have failed to provide access to appropriate programs designed to support Spanish language acquisition, despite the students' need for structured linguistic transition due to learning disabilities, including dyslexia.

As a result, the students have been denied both:

- access to instruction in their primary language (English), and

- meaningful support in acquiring Spanish

This dual failure has further excluded them from the educational system.

---

## X. Improper Alteration and Coercion Regarding Educational Documents

Defendants attempted to present and pressure Plaintiff to sign educational documents that:

- did not accurately reflect the students' current needs or circumstances

Plaintiff was pressured to sign such documents despite identifying inaccuracies.

Defendants refused to make edits despite the inconsistencies.

---

## Y. Pattern of Inaccurate Meeting Minutes and Conditional Access to IEP Participation

For approximately one year, Defendants included inaccurate or false information in meeting minutes.

Plaintiff was informed that refusal to sign these minutes would prevent her from signing or participating in the development of Puerto Rico IEPs.

This created a coercive condition in which Plaintiff's participation in the IEP process was improperly restricted for more than a year.

Only after personnel associated with the Arecibo special education center were removed from involvement was Plaintiff able to sign the IEP.

Despite this, Defendants subsequently failed to implement the IEP.

---

## Z. Improper Attempt to Force Inappropriate Grade Placement

Defendants have attempted, through litigation and other actions, to compel placement of the minor children in an intermediate school setting, despite their age and educational level corresponding to elementary school.

Such proposed placement is inconsistent with:

- the students' developmental level

- their educational history

- and their individualized needs

## AA. False Representation Regarding Enrollment Status

Defendants have asserted that the minor children are not enrolled in the Puerto Rico public education system.

This assertion is false.

Defendants' own records reflect that the students have been enrolled since approximately August 2024, including identification of a school within the municipality of Arecibo offering a bilingual curriculum (Exhibit 5). Defendants' own records show that the minors have been enrolled in the current school year and in the upcoming school year.

Despite acknowledging such enrollment, Defendants have denied the students the ability to attend or access services at that school.

This contradiction has resulted in the students being formally enrolled in the system while simultaneously being denied actual access to education.

## BB. Multiple Administrative Complaints and Final Resolutions Ignored

Plaintiff has filed at least four formal administrative complaints on behalf of the minor children.

These complaints resulted in four Final Resolutions issued in favor of the students, confirming their entitlement to services and supports (Exhibit 1).

Despite these binding determinations, Defendants have failed to implement the ordered services.

### CC. Extensive Administrative Filings Ignored Over Two Academic Years

In addition to formal complaints, Plaintiff has submitted countless administrative filings, communications, and requests to the Department of Education over the course of approximately two academic years.

These filings:

- documented ongoing noncompliance

- requested implementation of services

- sought clarification and enforcement

Defendants have failed to respond meaningfully or take corrective action.

### DD. Rejected Placement Under IDEA and Continued Coercion

The school placement that Defendants have attempted to force upon the minor children was previously rejected based on legal and educational grounds consistent with the Individuals with Disabilities Education Act (IDEA).

Specifically, such placement is inconsistent with:

- the students' individualized needs
- the students' language needs
- their documented educational history
- and the requirement to provide services in the Least Restrictive Environment (LRE)

Despite this, Defendants continue to pressure Plaintiff to accept this inappropriate placement.

### EE. Closure of Administrative Proceedings Without Enforcement Mechanism

The Special Education Administrative Forum issued Final Resolutions in favor of the minor children and subsequently closed the cases.

However, the administrative process did not provide any effective mechanism to compel or enforce implementation of those Final Resolutions.

As a result, Plaintiff was left without an administrative avenue to secure compliance.

## FF. Circular Denial of Remedy

When Plaintiff sought judicial relief through mandamus (AR2025CV1655), the court denied relief on the basis that Plaintiff must pursue administrative mechanisms.

However, those same administrative proceedings had already been completed and closed, without providing any enforcement mechanism.

This has created a circular situation in which:

- the administrative forum cannot enforce compliance, and

- the court refuses to compel compliance

As a result, Plaintiff and her children have been left without any meaningful avenue to enforce their rights.

## GG. Admission of Noncompliance Despite Favorable Determinations

Defendants have acknowledged, including in court proceedings, that Plaintiff prevailed in all relevant administrative cases.

Despite this acknowledgment, Defendants have failed and continue to fail to implement the Final Resolutions issued in favor of the minor children.

This admission, coupled with ongoing noncompliance, demonstrates a knowing failure to act.

## HH. Unilateral Cancellation of Homebound and Transition Services

Prior to the issuance of Final Resolutions, Defendants unilaterally canceled homebound educational services and transitional supports.

These services were supported by:

- the students' Individualized Education Programs (IEPs)

- psychoeducational evaluations

- documented educational needs

Defendants' unilateral action was taken without proper justification and resulted in the immediate loss of educational access.

---

## II. Judicial Record Reflecting Acknowledgment of Plaintiff's Success

During mandamus proceedings, Defendants acknowledged—on the record reflected in court minutes—that Plaintiff prevailed in the relevant administrative cases.

Despite this acknowledgment, Defendants have continued to fail to implement the Final Resolutions, IEPs, and evaluations.

---

## JJ. Delay in Adjudication of Extraordinary Relief (Mandamus) and Denial of Mandamus Based on Mischaracterization of Relief Sought

Plaintiff filed a petition for writ of mandamus in or around August 2025, seeking to compel compliance with Final Administrative Resolutions concerning her minor children.

Despite the urgent nature of mandamus as an extraordinary remedy, the court did not hold a hearing until February 19, 2026—approximately six months after filing.

During this period:

- the minor children remained without access to educational services, and

- Defendants continued in noncompliance

This delay significantly prolonged the deprivation of educational rights and undermined the purpose of mandamus as a prompt enforcement mechanism.

Subsequently, when the mandamus was negated by claiming erroneously that Plaintiff needed to return to the Defendant to expunge the Defendant's own resolutions in favor of Plaintiff's children,  Plaintiff filed a motion for reconsideration clarifying that she was not seeking to challenge administrative determinations, but rather to compel implementation of Final Resolutions, IEPs, and psychoeducational evaluations.

The court denied reconsideration, stating that Plaintiff must pursue administrative remedies or challenge the determinations.

This ruling is inconsistent with Plaintiff's claims, which seek enforcement—not review—of binding administrative decisions.

---

## KK. Contradictory and Ineffective Remedial Framework

The administrative forum issued Final Resolutions and closed the cases without providing an enforcement mechanism.

The trial court, in turn, refused to compel compliance and directed Plaintiff back to the administrative process.

This creates a contradictory framework in which:

- the administrative forum cannot enforce compliance, and

- the court declines to do so

resulting in the absence of any meaningful avenue for enforcement.

---

## LL. Retaliatory Litigation and Procedural Delay

Following Plaintiff's continued efforts to obtain compliance, Defendants initiated litigation against Plaintiff before the mandamus was resolved.

That case (AR2026CV00474) has been scheduled for hearing in June 2026, despite being filed in a context where the underlying issues—lack of educational services and noncompliance—remain unresolved.

This delay extends the period during which the minor children remain without access to education.

## MM. Failure to Provide Reasonable Accommodations to Parent

Plaintiff is an individual with documented disabilities.

Despite this, Defendants have failed to provide reasonable accommodations necessary for Plaintiff to effectively participate in:

- administrative proceedings

- educational decision-making processes

- enforcement of her children's rights

Plaintiff informed Defendants of her disabilities and requested accommodations, including those related to physical limitations and stress-related conditions.

Defendants failed to engage in an interactive process or provide appropriate accommodations.

## NN. Impact on Access to Educational Process

As a result of Defendants' failure to accommodate:

- Plaintiff's ability to participate meaningfully in meetings and proceedings was impaired

- Plaintiff faced increased physical and emotional strain

- Plaintiff's capacity to advocate for her children was significantly limited

This further contributed to the denial of the children's educational rights.

---

## IV. CAUSES OF ACTION

## COUNT I – IDEA (DENIAL OF FAPE)

Defendants failed to implement IEPs and provide required services, constituting a denial of FAPE.

Defendants' failure to implement approved homebound services and transitional supports, while simultaneously leaving the students without any educational placement or services, constitutes a complete denial of FAPE.

Defendants unilaterally terminated services documented and approved in the minors' IEPs, Defendants' own resolutions, and approved psychoeducational recommendations; thereby, denying the minors FAPE without parental consent, as well as mutual agreements between the Petitioner and Defendants.

Therefore, Defendants' actions include assigning unqualified instructional personnel, failing to provide services in the students' primary language, refusing to implement expert-supported recommendations, and failing to secure related services, all of which independently and collectively constitute a denial of FAPE.

At the same time, Defendants' actions include falsifying or misrepresenting student information, denying assistive technology, restricting access to appropriate language programs, and coercing parental participation in the IEP process, all of which contribute to discriminatory exclusion and denial of equal access to education.

Defendants' failure to knowingly implement multiple Final Administrative Resolutions, combined with their contradictory representations regarding enrollment, continued refusal to provide services, as well as unilaterally canceling services supported by IEPs and evaluations, both of which constitute clear violations of IDEA and a denial of FAPE.

---

## COUNT II – SECTION 504

Defendants excluded the minor children from participation in public education programs on the basis of disability.

Defendants' actions include denying access to the sole bilingual educational program in the municipality of Arecibo, and against the minors' IEPs, attempting to force placement in more restrictive settings, which constitute discrimination on the basis of disability and failure to provide reasonable accommodations.

Defendants' actions include falsifying or misrepresenting student information, denying assistive technology, restricting access to appropriate language programs, and coercing parental participation in the IEP process, all of which contribute to discriminatory exclusion and denial of equal access to education.

## COUNT III – ADA TITLE II

Defendants denied the children access to public services, programs, and activities.

Defendants' actions include denying access to the only bilingual educational program in the municipality of Arecibo and attempting to force placement in more restrictive settings, which constitute discrimination on the basis of disability and failure to provide reasonable accommodations.

Defendants also failed to provide reasonable accommodations to Plaintiff as a qualified individual with a disability, thereby interfering with her ability to participate in educational processes and enforce her children's rights, in violation of Title II of the ADA and Section 504.

## COUNT IV – FOURTEENTH AMENDMENT (DUE PROCESS)

Defendants failed to provide a meaningful and effective remedy for enforcement of the children's educational rights.

Defendants' conduct includes mischaracterizing requests for enforcement as legal challenges, shifting responsibility onto Plaintiff, and relying on procedural mechanisms to avoid compliance, thereby depriving Plaintiff of a meaningful opportunity to secure enforcement of her children's rights.

The substantial delay in adjudicating Plaintiff's mandamus petition —an extraordinary remedy intended for prompt relief—by the municipal court further contributed to the denial of a meaningful and timely opportunity to enforce educational rights.

Defendants, together with the operation of the administrative and judicial systems, have created a remedial framework that is functionally unavailable.

The administrative forum issued Final Resolutions but lacks enforcement authority.

The Commonwealth court refused to compel compliance and directed Plaintiff back to the administrative process.

This circular structure leaves Plaintiff without any meaningful mechanism to enforce binding determinations.

Such a system violates procedural due process by depriving Plaintiff and her children of a meaningful opportunity to vindicate federally protected rights.

Defendants receive federal grants, and are, therefore, obliged to provide affirmative remedies and comply with federal laws.

---

## COUNT V – RETALIATION

Defendants' actions were taken in retaliation for Plaintiff's protected advocacy under federal law.

Plaintiff engaged in protected activity by:

- filing administrative complaints,

- seeking enforcement of Final Resolutions, and

- initiating judicial proceedings to compel compliance with binding determinations.

In close temporal proximity to these actions, Defendants:

- reported Plaintiff to the Department of Family,

- initiated parallel proceedings, and

- engaged in conduct designed to interfere with Plaintiff's ability to advocate for her children and enforce their educational rights.

These actions were materially adverse and would deter a reasonable parent from continuing to assert their children's rights under IDEA, Section 504, and the ADA.

As a result of Defendants' conduct, Plaintiff's ability to effectively advocate for her children was interfered with.

Defendants' conduct constitutes unlawful retaliation under federal law.

---

# V. REQUEST FOR RELIEF

Plaintiff respectfully requests:

## 1. Preliminary and Permanent Injunction

Ordering Defendants to immediately:

- Provide homebound instruction

- Provide all related services required by the IEPs

---

## 2. Compensatory Education

To remedy the period of educational deprivation (~2 years)

---

## 3. Declaratory Judgment

Declaring that Defendants violated federal law

---

## 4. Costs and Fees

Including reasonable attorneys' fees and administrative expenses

---

# VI. EMERGENCY RELIEF

Plaintiff seeks immediate preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65.

First, irreparable harm is established. The minor children have been without any meaningful educational services for approximately two academic years. Educational deprivation of children with disabilities during critical developmental periods constitutes harm that cannot be remedied by money damages alone. Each additional day of inaction compounds academic regression, emotional harm, and loss of developmental opportunity.

Second, Plaintiff is likely to succeed on the merits. Defendants have acknowledged in judicial proceedings that Plaintiff prevailed in all relevant administrative cases. Four Final Resolutions have been issued in her children's favor. Defendants have admitted noncompliance. The legal obligations are not disputed — only their implementation has been refused.

Third, the balance of equities favors Plaintiff. Ordering Defendants to implement services they are already legally obligated to provide imposes no cognizable burden. The harm to Plaintiff and her children from continued inaction is severe and ongoing.

Fourth, the public interest strongly supports relief. Federal law reflects a congressional determination that children with disabilities have a right to a free appropriate public education. Enforcement of that right serves the public interest.

---

# VII. EXHIBITS LIST

Exhibit 1 – Four Final Administrative Resolutions

Exhibit 2 – Individualized Education Programs (IEPs), signed September 2025

Exhibit 3 – Psychoeducational Evaluations (accepted April and May 2025)

Exhibit 4 – Joint Notice of Noncompliance

Exhibit 5 – Enrollment Records (Luis A. Ferré Agüayo Elementary School, the only bilingual curriculum in the municipality of Arecibo)

---

## CERTIFICATION

I hereby certify that on this date, a copy of this Motion was filed with the Court and will be served upon Defendants in accordance with the Federal Rules of Civil Procedure.

---

Date: March 27, 2026

Respectfully submitted,

**Julia Feliz Barrera**

Plaintiff, Pro Se

Address: PO Box 127, Arecibo, Puerto Rico 00613

Email: juliafelizbarrera@gmail.com

**ADA Accommodation Request**: Plaintiff requests that all communications be conducted in writing via email and/or access to PACER be granted due to Plaintiff's mobility limitations and residence outside of the metro area, as well as being the primary and sole caretaker of both autistic minors.